UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDELBASET A. YOUSSEF,

    Plaintiff,

v.

BILL SCHUETTE, et al.,

    Defendants.

_____/

Case No. 18-13549
District Judge Victoria A. Roberts
Magistrate Judge David R. Grand

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 10) AND MOOTING PLAINTIFF'S MOTIONS [Doc. 2, 13, 14, 19, 20 and 22]

### I. INTRODUCTION and BACKGROUND

On September 18, 2014, the Michigan Board of Medicine ("Board"), through its Disciplinary Subcommittee, filed a complaint against Abdelbaset A. Youssef ("Youssef") for illegally prescribing 25,475 controlled substances between August 1, 2012 and July 31, 2013. The Board presented Youssef with a settlement offer. He rejected it and attended a disciplinary hearing instead. At the hearing, the Administrative Law Judge ("ALJ") issued a proposal—adopted by the Board—that Youssef's license be suspended. Youssef applied for reinstatement; the Board denied the request.

Youssef exhausted appeals in the state court system; he originally filed suit in this Court on February 27, 2017. The Court dismissed Youssef's complaint, finding that his claims were barred by the *Rooker-Feldman* doctrine, *Younger* abstention, absolute immunity, and Eleventh Amendment immunity.

Youssef filed a second application for reinstatement on December 23, 2017. Another hearing was held; on July 10, 2018, the ALJ issued a proposal recommending

1

reinstatement of Youssef's license. Notwithstanding the ALJ's recommendation, the Board denied Youssef's application for reinstatement on January 16, 2019.

Youssef filed this complaint on November 14, 2018. Youssef asks the Court for declaratory and prospective injunctive relief; he says absolute and Eleventh Amendment immunity are inapplicable where a plaintiff seeks prospective injunctive relief. Youssef also contends that the *Rooker-Feldman* doctrine and *Younger* abstention are now inapplicable.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6); they essentially say that Youssef's complaint is a veiled attempt to relitigate his previously dismissed claims, and they argue that Youssef's claims are still barred for the same reasons set forth by the Court in its earlier order.

Because Youssef really asks this Court to provide redress for perceived past harms, namely, the suspension of his medical license, and state proceedings are still pending, the same bases the Court relied on to dismiss Youssef's prior claims apply.

Defendants' motion is **GRANTED**.

**II.    STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible.  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions;" a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *Id.* The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

#### A. The *Rooker-Feldman* Doctrine Still Bars Youssef's Claims

In its earlier order of dismissal, the Court deemed Youssef's claims barred by the *Rooker-Feldman* doctrine. Youssef says the doctrine is inapplicable to his latest claims because he does not ask the Court for redress or to reverse an earlier decision. However, a careful examination of Youssef's complaint and briefing demonstrates that Youssef's argument focuses on alleged past violations committed by Defendants in suspending his medical license. Moreover, to the extent Youssef seeks prospective relief, his claims are barred by *Younger* abstention.

The *Rooker-Feldman* doctrine bars a claim when "a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

Here, as in his earlier complaint, Youssef asserts that the Board acted illegally in the proceedings and hearings leading to the suspension of his medical license; as such, he essentially asks this Court to overrule the Board's decision. The Court previously stated that this is the very type of appellate review that the *Rooker-Feldman* doctrine bars.

The *Rooker-Feldman* doctrine mandates the dismissal of Youssef's claims.

**B. Youssef's Claims are Also Barred by *Younger* Abstention**

The Court's prior order of dismissal was also based on *Younger* abstention. Youssef asserts that three exceptions to *Younger* abstention apply to his latest claims, such that *Younger* is no longer an appropriate basis for dismissal. Youssef's claims in this regard amount to no more than "bare assertions of legal conclusions"; as such, they remain barred by *Younger* abstention.

There are three requirements that must be met for *Younger* abstention to apply: "(1) there must be ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)). Additionally, federal courts should abstain unless there is an extraordinary circumstance that would make abstention inappropriate. *Squire*, 469 F.2d at 555.

As with Youssef's earlier claims, the three factors are satisfied here. First, there are "ongoing state judicial proceedings"; while the Board did deny Youssef's second application for reinstatement, the United States Supreme Court extended *Younger* abstention to ongoing state administrative proceedings and Youssef has not exhausted

4

his state appellate remedies. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986) (We have also applied [*Younger* abstention] to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim.); *see also Gibson v. Berryhill*, 411 U.S. 564, 576-77 (1973) ("administrative proceedings looking toward the revocation of a license to practice medicine may in proper circumstances command the respect due court proceedings."); *see also Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) ("[t]he [United States] Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies.") (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975)).

Second, the state clearly has an important interest in ensuring that doctors appropriately prescribe controlled substances. The Court has stated that it considers Youssef's inappropriate conduct contrary to the public's best interest.

Finally, Youssef had ample opportunity in state proceedings to raise constitutional challenges. With respect to his original claims, he opted for a hearing, hired a lawyer to represent him, "retired" that lawyer, pled his case in front of the state district and appeals court, and filed an appeal in the Michigan Supreme Court. Moreover, now that the Board has denied his latest application, Youssef has an additional opportunity to appeal through state courts.

The *Younger* abstention requirements are satisfied. Youssef's claim that the exceptional circumstances of bad faith, harassment or a patently invalid state statute

apply here is unavailing; he fails to plead their applicability with sufficient factual particularity. Indeed, Youssef's allegations are merely "bare assertions of legal conclusions." *Bredesen*, 500 F.3d at 527. Conclusory allegations cannot survive a motion to dismiss.

Youssef's claims are barred by *Younger* abstention.

### C. Absolute Immunity Still Bars Youssef's Claims

Earlier, the Court deemed Youssef's claims barred by the doctrine of absolute immunity. Youssef argues that absolute immunity no longer bars his claims because he is seeking prospective injunctive relief, not barred by judicial immunity. Youssef's argument misses the point; because the entirety of his complaint makes it abundantly clear that he is seeking redress for perceived past wrongs, absolute immunity still bars his claims.

Absolute immunity "is necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). The Court extends absolute immunity beyond judicial officials to prosecutors and parties participating in the judicial process so that they enjoy the same protections. *Id.*

Bill Schuette is entitled to absolute immunity; he was a part of the judicial process in state court as Attorney General of the State of Michigan during the events that gave rise to this litigation.

Moreover, the holding in *Butz* extends to medical boards; thus, the remaining Defendants are entitled to absolute immunity as well. *Quatkemeyer v. Kentucky Bd. Of Med. Licensure*, 506 F.App'x 342, 343 (6th Cir. 2012).

**D. Defendants are Entitled to Eleventh Amendment Immunity**

Finally, Youssef argues that Defendants are no longer entitled to Eleventh Amendment immunity because he now seeks prospective relief. As mentioned, Youssef's complaint makes it clear that he does not seek prospective relief; he seeks redress for various perceived past wrongs, primarily the suspension of his medical license. Eleventh Amendment immunity still bars Youssef's claims.

The Eleventh Amendment affords states immunity from suits "commenced or prosecuted . . . by citizens of another state." U.S. Const., Amend. XI. Moreover, "[t]he States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). The United States Supreme Court has extended immunity to state officials sued in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989). "A suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the state itself." *Id.*

All of Youssef's claims are brought against Defendants in their official and individual capacities; they are entitled to Eleventh Amendment immunity.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss. Youssef's claims are **DISMISSED** in their entirety.

Youssef has the following motions pending:

1. Motion for Preliminary Injunction [Doc. #2];
2. Motion for Expedited Discovery [Doc. #13];
3. Motion for Automatic Substitution [Doc. #14];
4. Motion to Correct Defect in Brief [Doc. #19];
5. Motion to Supplement Brief [Doc. #20]; and
6. Reply to Defendants' Response to Motion to Supplement Response [Doc. #22].

By virtue of this Order, the motions are **MOOT**.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 5, 2019